UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-1087 FMO (JPRx) | Date | August 29, 2022 |
|---|---|---|---|
| Title | O.C. Multispecialty Surgery Center v. Meritain Health, Inc., et al. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Gabriela Garcia | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorney Present for Plaintiff(s):     Attorney Present for Defendant(s):

None Present                           None Present

**Proceedings:**     (In Chambers) Order to Show Cause Re: Jurisdiction

On August 8, 2022, plaintiff O.C. Multispecialty Surgery Center ("plaintiff") was ordered to show cause why this action should not be dismissed for lack of subject matter jurisdiction. (See Dkt. 48, Court's Order of August 8, 2022). Because plaintiff seeks to join additional defendants after this action was removed pursuant to diversity jurisdiction, the court noted that plaintiff must properly allege the citizenship of those post-removal defendants to allow the court to determine whether joinder would destroy subject matter jurisdiction. (See id. at 1-2). The court's order explained that "a corporation is a citizen only of (1) the state where its principal place of business is located, and (2) the state in which it is incorporated." (Id. at 1) (quoting Johnson v. Columbia Properties Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) and citing 28 U.S.C. § 1332(c)(1)).

On August 18, 2022, plaintiff filed a Third Amended Complaint ("TAC") alleging the states in which post-removal defendants Total Affiliates Health and Welfare Plan, Total Finance USA, Inc., and Quantum Health have their headquarters. (See Dkt. 53, TAC at ¶¶ 3-5). However, plaintiff did not allege the state(s) in which each of those defendants is incorporated. (See, generally, id.). As a result, the court still cannot determine whether "plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction[.]" (Dkt. 48, Court's Order of August 8, 2022, at 1-2) (quoting 28 U.S.C. § 1447(e)).

Under the circumstances, the court will provide plaintiff one final opportunity to properly allege the citizenship of the post-removal defendants.

Based on the foregoing, IT IS ORDERED that:

1. No later than **September 12, 2022,** plaintiff shall file a Fourth Amended Complaint addressing the deficiencies noted above. Failure to file a Fourth Amended Complaint by the deadline set forth above shall be deemed as consent to the dismissal of the action without prejudice for lack of jurisdiction and/or failure to comply with a court order. See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388 (1962); Edwards v. Marin Park, Inc., 356 F.3d 1058, 1065 (9th Cir. 2004) ("The failure of the plaintiff eventually to respond to the court's ultimatum – either by amending the complaint or by indicating to the court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 22-1087 FMO (JPRx)** | Date | **August 29, 2022** |
|---|---|---|---|
| Title | **O.C. Multispecialty Surgery Center v. Meritain Health, Inc., et al.** | | |

that it will not do so – is properly met with the sanction of a Rule 41(b) dismissal."); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-63 (9th Cir. 1992) (affirming dismissal for failure to file amended complaint as ordered by district court).

    2.  The pending Stipulation to Extend All Defendants' Time to Respond to Plaintiff's Third Amended Complaint [] (**Document No. 54**) is **denied** as moot.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | gga | |